William L. Buus (SBN 180059)
SCHIFFER & BUUS APC
3070 Bristol Street, Suite 530
Costa Mesa, CA 92626
Telephone:   (949)825-6140
Facsimile:   (949)825-6141
Email:       wbuus@schifferbuus.com

Attorneys for Defendants
IGOR OLENICOFF and
OLEN PROPERTIES CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WAKEFIELD,<br><br>            Plaintiff,<br><br>      vs.<br><br>IGOR OLENICOFF, OLEN PROPERTIES CORP., and DOES 1 through 10, inclusive,<br><br>            Defendants. | Case No.: 8:12-CV-02077-AG-RNB<br><br>DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN THE EVIDENCE<br><br>Date:        November 10, 2014<br>Time:        10:00 a.m.<br>Courtroom: 10D |

## I.    INTRODUCTION

After stripping Plaintiff DONALD WAKEFIELD's emotional denunciations contained in his brief in support of his motion to reopen the evidence, we are left with what we had all along: a case where Mr. Wakefield has failed to prove any actual damages or any likelihood of future irreparable harm.  Without those things, Mr. Wakefield has no remedy in this action and, despite the jury's verdict finding of infringement, defendants respectfully believe the Court has no other choice but to enter judgment in defendants' favor.  This is not anyone's fault, except possibly Mr. Wakefield's, and his insistence that a refusal of the requested preliminary injunction would render the Copyright Act meaningless rings hollow since he simultaneously urges the Court to do something against the weight of Supreme

1

1   Court and Ninth Circuit authority.  As for Mr. Wakefield's motion to reopen the
2   evidence, it should be denied for the following reasons:

- 3   While defendants admit that the existence of the Two Venture Plaza
4   sculpture was never disclosed in the present action, that was due to mere
5   oversight and inadvertence and not to any "active" or "knowing"
6   concealment; on the other hand, Mr. Wakefield has failed to introduce
7   sufficient evidence showing he was reasonably diligent in independently
8   investigating the scope of any claims he may have against the defendants
9   and/or other parties;

- 10   The importance or probative value of the proffered evidence is *de*
11   *minimus* if not nil in light of Mr. Wakefield's failure to prove actual
12   damages or likely irreparable harm, and such proffered evidence would
13   simply not change the case's outcome; and,

- 14   What Mr. Wakefield is attempting to do is to improperly assert an
15   additional cause of action that was not pled in his Complaint without
16   affording the defendants a reasonable and fair opportunity to prepare for
17   the defense of, and defend against, that claim.

18   **II.    ARGUMENT**

19          **1.    ANY FAILURE TO DISCLOSE THE EXISTENCE OF THE**
               **TWO VENTURE PLAZA SCULPTURE WAS DUE TO**
20             **OVERSIGHT AND NEGLECT, AND MR. WAKEFIELD HAS**
               **NOT SHOWN THAT HE HAS BEEN DILIGENT.**
21

22          As Mr. Wakefield indicates in his brief, in order to obtain the relief he
23   desires, he must provide a bona fide explanation as to the reason he failed to
24   introduce the evidence at trial.  See *Love v. Scribner* (S.D. Cal. 2010) 691
25   F.Supp.2d 1215, 1235.  As an initial point, he argues that defendants actively and
26   knowingly concealed the existence of the sculpture located at Two Venture Plaza,
27   thereby preventing him from discovering its existence.  Yet, as detailed in Mr.
28   Olenicoff's declaration filed and served with this brief, the failure to identify that

2

OPPOSITION TO MOTION TO REOPEN THE EVIDENCE

1   sculpture during discovery was a mere oversight.  Mr. Olenicoff was so focused on

2   the sculptures that were actually mentioned in Mr. Wakefield's Complaint, that his

3   attention was taken away from Two Venture Plaza, and he merely forgot about the

4   sculpture there.  As Mr. Wakefield admits, Olen-related entities own and/or control

5   a large number of properties, and it is completely reasonable to believe that any

6   memory that Mr. Olenicoff once had of the Two Venture Plaza sculpture had been

7   clouded by his focus on Mr. Wakefield's complaint and the sculptures at issue in

8   the case, not to mention his focus on the daily tasks and concerns relating to his

9   business operations and his life.

10          Furthermore, it appears Mr. Wakefield has been less than diligent in

11   investigating his claims.  At trial, he testified he originally saw *Untitled* at 7

12   Corporate Plaza in April of 2008, that he thereafter attempted to follow up with

13   Olen Properties about it but to no avail, and that after a significant amount of time

14   had passed, he learned of the existence of other similar sculptures at Century

15   Centre and Olen Pointe Brea.  In November of 2012, months after he learned about

16   those additional sculptures, he filed suit.

17          But Mr. Wakefield fails to explain why, after he discovered multiple copies

18   of *Untitled*, he did not perform any further independent investigation into the

19   possible existence of other copies of Human Nature's Many Faces at other Olen-

20   related properties.  He suggests that, after suit was filed, he relied entirely upon

21   discovery under the Federal Rules of Civil Procedure to complete the investigation

22   he started, but does not explain why during the course of this litigation he did not

23   visit other Olen-related properties, including Two Venture Plaza, which is located

24   in the same city as Century Centre (i.e., the City of Irvine).  Such an independent

25   investigation would have been reasonable in light of Mr. Wakefield's previous

26   discovery of additional *Untitled* copies at Century Centre and Olen Pointe Brea,

27   Mr. Olenicoff's deposition testimony in which he stated that he "honestly [did not]

28   recall" how many copies of Human Nature's Many Faces were purchased

3

OPPOSITION TO MOTION TO REOPEN THE EVIDENCE

1   (Declaration of Gene Brockland in Support of Motion, Exhibit 3 [Deposition of

2   Igor Olenicoff] 63:4-7), and defendants' written discovery responses in which they

3   reserved the right to supplement them because investigation and discovery were

4   not then complete (*Ibid.*, Exhibit 2, Special Interrogatory No. 4; Exhibit 3, Special

5   Interrogatories 5 and 9).

6        It would not have taken an "exhaustive" search, as Mr. Wakefield phrases it,

7   but rather a reasonable one, to have found the sculpture at Two Venture Plaza in

8   Irvine.  According to his trial testimony, he already accessed and explored the Olen

9   Properties website where commercial and residential properties were identified, so

10  Mr. Wakefield already knew where to look.  He never did so, and only recently

11  found out about the sculpture through some third party.  Although Mr. Wakefield

12  wishes to point the finger at defendants for their neglect by failing to disclose that

13  sculpture during discovery, he should also consider his own lack of reasonable

14  diligence as a cause of his own ignorance.

15       **2.    THE PROFFERED EVIDENCE IS NOT IMPORTANT OR
    PROBATIVE AND, IF ADMITTED, WOULD NOT CHANGE
16  THE CASE'S OUTCOME.**

17       In order to obtain the relief Mr. Wakefield desires, he must also demonstrate

18  the importance and probative value of the additional, newly discovered evidence.

19  See *Love v. Scribner* (S.D. Cal. 2010) 691 F.Supp.2d 1215, 1235.  In the context of

20  a motion for new trial based upon a claim of newly discovered evidence (which

21  possesses factors similar to those relating to a motion to reopen[1]), Mr. Wakefield

22  would be required to show that the evidence was material and would likely change

23  the outcome of the case.  *Far Out Productions, Inc. v. Oskar* (9th Cir. 2001) 247

24  F.3d 986, 998.  Mr. Wakefield, however, is unable to show that the evidence is

25  _____

26      [1]    To prevail on a new trial motion based upon newly discovered evidence, the
    moving party must establish (1) the evidence in question was discovered after trial, (2) he or she
27  exercised due diligence to discover the evidence before the end of trial, (3) the evidence is
    material and not merely cumulative or impeaching, and (4) the new evidence would likely have
28  changed the outcome of the case. *Far Out Productions, Inc. v. Oskar* (9th Cir. 2001) 247 F.3d
    986, 998.

OPPOSITION TO MOTION TO REOPEN THE EVIDENCE

1   important or material, or that it would likely change the outcome of the case.

2       First of all, the existence of this additional sculpture does not in any way

3   change the fact that Mr. Wakefield has presented insufficient evidence as to actual

4   damages or as to future irreparable harm to his financial interests or reputation, and

5   does not change the fact that he has made an insufficient showing that his legal

6   remedy is inadequate or that the balance of the hardships tips in his favor.  None of

7   that is in any way affected by the existence of the sculpture at Two Venture Plaza.

8       Mr. Wakefield argues for the first time that the Court could infer that he has

9   lost "unascertainable customers" as a result of the continued display of the

10   sculptures, but does not state how that could logically be the case since he does not

11   sell, and has never attempted to sell, copies of *Untitled*.  He also fails to explain

12   logically how he could lose potential customers for sculptures possessing different

13   designs if the sculptures at issue remained on display.  Simply put, not only is this

14   argument unsupported by the evidence, it is contradicted by the evidence.

15       Additionally, Mr. Wakefield argues for the first time that his "loss of

16   control" over his copyrighted design constitutes the irreparable harm he would

17   suffer if an injunction is not granted, citing *Taylor v. Four Seasons Greetings LLC*

18   (8th Cir. 2005) 403 F.3d 958.  Mr. Wakefield incorrectly suggests that the Court

19   may imply or infer irreparable harm since the defendants are infringing his

20   copyright and he has thus lost control over the design.  That suggestion, however,

21   is legally incorrect and would swallow the rule requiring a plaintiff to show actual,

22   imminent irreparable harm.  Moreover, Mr. Wakefield takes a quote from that case

23   out of context.  In *Taylor*, the plaintiff did not want to seek monetary damages and

24   in fact waived them because he did not want such damages to constitute a "forced

25   license" to allow defendant to use his copyrighted work.  Based upon that, he

26   sought a permanent injunction only, which was granted based, in part, upon a

27   showing of actual harm.  Unlike that case, however, Wakefield primarily sought

28   monetary damages here which, if adequately proven, would have amounted to a

OPPOSITION TO MOTION TO REOPEN THE EVIDENCE

1    forced license to use his copyrighted work, and he has never waived that right to

2    continue pursuing those damages.  Moreover, Mr. Wakefield has failed to prove

3    any harm whatsoever stemming from the continued display of the sculptures.

4         Plus, yet again, the authority cited by Mr. Wakefield in support of his

5    arguments consist of cases involving competitors selling infringing goods to

6    potential customers of the copyright holder.  That is obviously not the case here.

7         Furthermore, although Mr. Wakefield insists upon arguing that his

8    reputation and goodwill will be harmed by the continued display of the sculptures,

9    he has not identified any evidence he presented to support that argument.  He

10   points to his testimony concerning his image as a one-of-a-kind artist, but fails to

11   identify any evidence presented at trial suggesting that this image would in any

12   way be tarnished by the continued display of the sculptures.

13        Finally, Mr. Wakefield's suggestion that the existence of this additional

14   sculpture somehow demonstrates that defendants are predisposed to place

15   additional copies of *Untitled* at other commercial properties in the future, and his

16   argument that such anticipated conduct should be stopped to avoid a multiplicity of

17   lawsuits, are meritless.  Indeed, these points contradict Mr. Wakefield's argument

18   that the Two Venture Plaza sculpture existed, but was never disclosed, during the

19   litigation.  If we take that argument as being true, then Mr. Wakefield has merely

20   proven that a sculpture was not disclosed or discovered during the course of

21   litigation, but not that defendants will necessarily install additional copies of

22   *Untitled* at other Olen-related properties in the future.  Therefore, at most, Mr.

23   Wakefield has shown that a possible additional act of infringement occurred

24   sometime in the past, but not that other acts of infringement will occur in the

25   future.  Indeed, defendants do not intend to purchase and install additional copies

26   of *Untitled*. Consequently, whether or not a permanent injunction should be

27   granted is not in any way elucidated by the "new evidence" Mr. Wakefield wishes

28   to introduce.

OPPOSITION TO MOTION TO REOPEN THE EVIDENCE

On a related point, Mr. Wakefield incorrectly argues in support of his motion for preliminary injunction that every day the sculptures remain on display gives rise to a new and separate cause of action against defendants as to those sculptures. That is wrong. If that argument was correct, then this Court would not have granted summary judgment as to the sculpture located at the Newport Beach property based upon the expiration of the statute of limitations. Moreover, under the Supreme Court's recent decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.* (2014) ___ U.S. ___, 134 S.Ct. 1962, the Court stated that a copyright claim arises for each *discrete* infringing act that causes harm over and above the harm that earlier acts caused. *Id.* at 1969-1970, & n.6. In this action, each day the sculptures remain on display does not constitute a *discrete* act of infringement that causes harm over and above the harm that the earlier act of installation caused and, therefore, Mr. Wakefield's argument that a multiplicity of lawsuits over the same sculptures will result if a preliminary injunction is not granted.[2]

### 3.   PLAINTIFF IS ATTEMPTING TO ASSERT A CAUSE OF ACTION THAT WAS NOT PROPERLY PLEADED WITHOUT AFFORDING DEFENDANTS A REASONABLE AND FAIR OPPORTUNITY TO PREPARE FOR THE DEFENSE OF THAT CLAIM.

Notwithstanding what has been discussed above, this motion is procedurally improper. By this motion, Mr. Wakefield is attempting to assert another cause of action in this case without having to plead it.

It is well settled that each separate act of copyright infringement constitutes a separate claim upon which an action may be brought. *Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC* (9th Cir. 2013) 733 F.3d 1251, 1254; see *Roley v. New World Pictures, Ltd.* (9th Cir. 1994) 19 F.3d 479, 481

---

[2]   This concept was also embraced in an previous District Court decision in which the court held that, in an action alleging the infringement of a copyrighted architectural drawing, each home built outside the limitations period constituted a barred claim and each home built within the limitations period constituted a claim plaintiff could pursue. *King Empire, Inc. v. Milan Courtyard Homes, Ltd.* (S.D. Tex. 2001) 173 F.Supp. 649.

7

OPPOSITION TO MOTION TO REOPEN THE EVIDENCE

1   [holding that claims relating to acts of infringement occurring outside of the

2   limitations period are barred and claims of acts of infringement occurring inside

3   the limitations period may be pursued].  It is also well settled that a complaint must

4   allege sufficient factual matter in order to state a claim for relief.  *Ashcroft v. Iqbal*

5   (2009) 556 U.S. 662, 678, 129 S.Ct. 1937; *Valadez-Lopez v. Chertoff* (9th Cir.

6   2011) 656 F.3d 851, 858-59.

7        Therefore, in order for Mr. Wakefield to assert a separate claim against

8   defendants for copyright infringement relating to the Two Venture Plaza sculpture,

9   he must allege sufficient facts supporting that claim in some complaint, which he

10   has not done here.  And, because he has not alleged that claim in the operative

11   complaint here, any evidence supporting that claim should be excluded as

12   irrelevant and unfairly prejudicial in the sense that its introduction and admission

13   at this time would deny plaintiffs a fair opportunity to investigate and develop in

14   discovery and at trial any potential defenses to the claim, including a statute of

15   limitations defense.  Thus, the relief he requests, if granted, would be unfairly

16   prejudicial to defendants and, consequently, the motion ought to be denied.

17   **III.   CONCLUSION**

18        For reasons set forth above, Mr. Wakefield's motion to reopen the evidence

19   should be denied.

20   Dated:  October 20, 2014       SCHIFFER & BUUS APC

21                         */s/ William L. Buus*    .

22                         By:  William L. Buus
Attorneys for Defendants

23                         IGOR OLENICOFF and
OLEN PROPERTIES CORP.

24

25

26

27

28

8

OPPOSITION TO MOTION TO REOPEN THE EVIDENCE

1

## **PROOF OF SERVICE**

2      I am employed in the County of Orange, State of California.  I am over the

3  age of eighteen (18) years and am not a party to the within action.  My business

4  address is that of 3070 Bristol Street, Suite 530, Costa Mesa, California 92626.

5      I hereby certify that on October 20, 2014, I electronically filed the foregoing

6  DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN

7  OPPOSITION TO PLAINTIFF'S MOTION TO REOPEN THE EVIDENCE with

8  the Clerk of the Court using ECF which will send notification and a copy of such

9  filing to the following persons:

| | |
|---|---|
| Michael D. Kuznetsky, Esq.<br>mike@kuzlaw.com<br>KUZNETSKY LAW GROUP, P.C.<br>6565 Sunset Blvd., Ste. 311<br>Hollywood, CA 90028<br>Tel.: (818) 753-2450<br>Fax: (818) 736-9099<br><br>Counsel for Plaintiff<br>DONALD WAKEFIELD | Gene J. Brockland, Esq.<br>gjb@herzogcrebs.com<br>HERZOG CREBS LLP<br>100 North Broadway, Suite 1400<br>St. Louis, MO 63102<br>Tel: (314) 231-6700<br>Fax: (314) 231-4656<br><br>Counsel for Plaintiff<br>DONALD WAKEFIELD |
| Julie A. Ault, Esq.<br>jault@olenproperties.com<br>Leslie Vandale, Esq.<br>lvandale@olenproperties.com<br>7 Corporate Plaza<br>Newport Beach, CA 92660<br>Tel.: (949)719-7212<br>Fax: (949)719-7210<br><br>Counsel for Defendants<br>IGOR OLENICOFF and OLEN<br>PROPERTIES CORP. | |

22      Executed on October 20, 2014, at Costa Mesa, California.

23      I declare under penalty of perjury under the laws of the United States of

24  America that the foregoing is true and correct.

25

26                                         */s/ William L. Buus            .*

27

28

OPPOSITION TO MOTION TO REOPEN THE EVIDENCE