UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** **[IN CHAMBERS] ORDER DENYING IN PART AND GRANTING IN PART MOTION FOR JUDGMENT AS A MATTER OF LAW; GRANTING MOTION FOR INJUNCTIVE RELIEF; AND DENYING MOTION TO REOPEN EVIDENCE**

Before the Court are three motions. The first is a Motion for a Judgment as a Matter of Law ("JMOL") filed by Defendants Igor Olenicoff and Olen Properties, Corp. (collectively, "Defendants"). (Dkt. No. 95.) The second is Plaintiff Donald Wakefield's ("Plaintiff") Motion for a Permanent Injunction ("MPI"). (Dkt. No. 109.) The final is Plaintiff's Motion to Reopen Evidence Based on Newly Discovered Evidence ("Motion to Reopen"). (Dkt. No. 114.)

The Court DENIES in part and GRANTS in part the JMOL. The Court finds that the statute of limitations does not bar Plaintiff's claims and there was sufficient evidence to support the jury's findings on liability. But it finds that there was insufficient evidence to support the jury's damages award.

The Court GRANTS the Motion for a Permanent Injunction and ORDERS that a permanent injunction issue as provided by this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

The Court DENIES the Motion to Reopen.

**BACKGROUND AND FINDINGS**

All factual findings in this Order are based on the jury's findings.

Plaintiff is a contemporary artist who creates large, one-of-a-kind, stone and metal sculptures. In 1992, he and a friend created a large granite sculpture called *Untitled*. The sculpture was then given to his friend's son in Chicago, where it remains, and Plaintiff hasn't seen it since.

Sixteen years later, in 2008, Plaintiff saw what he believed was *Untitled* at a property owned by Defendant Olen Properties, Corp. in Newport Beach, California. In 2010, Plaintiff realized that the sculpture in Newport Beach was a copy because he discovered six more allegedly infringing sculptures at Olen Properties locations. Three of the sculptures were copies of *Untitled* (titled *Human Nature's Many Faces* ("*Human Nature*")) and three of them were derivative sculptures based on *Untitled* (titled *A Tear Must Fall* ("*Tear*")). Plaintiff then sued Defendants for copyright infringement, contributory copyright infringement, and vicarious copyright infringement.

At trial, Defendants argued that these sculptures did not infringe *Untitled*, denying that they had even seen *Untitled* before the litigation. Defendant Olenicoff testified that he first saw *Human Nature* in a sculpture garden in Beijing, and he purchased four copies from an artist there. According to Olenicoff, he later commissioned *Tear* from the Chinese artist.

Plaintiff argued at trial that Defendants commissioned the sculptures from the artist in China after seeing pictures of *Untitled*. Plaintiff testified that he had emailed property developers, including Defendant Olen Properties, Corp. links to his website in 2004 and that his website featured a photograph of *Untitled*. Further, Plaintiff introduced evidence that Defendants used a different picture from Plaintiff's website in a submission to the City of Brea. Plaintiff essentially argued that all this evidence showed that Defendants had visited his website, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

had access to a photograph of *Untitled*. Plaintiff also argued that the similarity between *Untitled* and the allegedly infringing works supported an inference of access.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

Figure 1. *Untitled*  Figure 2. *Human Nature*  Figure 3. *Tear*

  

A trial was held and the jury returned a special verdict in favor of Plaintiff. The jury found that: (1) Plaintiff owned a valid copyright, (2) Defendants copied original elements from the copyrighted work, (3) Defendants profited directly from the infringement of a third party, (4) Defendants had the right and ability to supervise or control the infringing activity of the third party, (5) Defendants knew or had reason to know of the infringing activity of the third party, (6) Defendants intentionally induced or materially contributed to the infringing activity of the third party, (7) Plaintiff didn't know or shouldn't have known of facts giving rise to this infringement action on or before November 30, 2009, and (8) Plaintiff's actual damages were $450,000. (Special Verdict, Dkt. No. 101.)

Before jury deliberations began, Defendants filed their JMOL. (Dkt. No. 95.) In their papers, Defendants argue that Plaintiff's claims are barred by the statute of limitations and that there was insufficient evidence at trial to support the claims for direct infringement, vicarious infringement, and contributory infringement. Defendants also argue that there was insufficient evidence presented at trial to justify the jury's damages award. The Court did not rule on the JMOL at that time, and instead it set a post-trial briefing schedule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

Before the Court could hold a hearing on the JMOL, Plaintiff filed his MPI. (Dkt. No. 109.) The Court held a hearing on the JMOL and took the motion under submission. (Dkt. No. 110.) The Court set a briefing schedule for the MPI and stated that the matter would stand submitted after it received the briefing.

Before the Court ruled on either the JMOL or the MPI, Plaintiff filed his Motion to Reopen. (Dkt. No. 114.) The Motion to Reopen only concerns the MPI. (Dkt. No. 114.) Plaintiff alleges in the Motion to Reopen that he discovered a newly infringing sculpture displayed at a property controlled by Defendant Olen Properties, Corp. (*Id.*)

**ANALYSIS AND CONCLUSIONS**

**1. Judgment as a Matter of Law**

The Court DENIES in part and GRANTS in part the JMOL. The statute of limitations does not bar Plaintiff's claims and there was sufficient evidence to support the jury's findings on liability, but there was insufficient evidence to support the jury's damages award.

    **1.1 Legal Standard**

Judgment as a matter of law may be granted only when the evidence and its inferences, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion as to the verdict, and that conclusion is contrary to the jury's verdict. *See Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 999 (9th Cir. 2008); *see also Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226-27 (9th Cir. 2001).

"A jury's verdict must be upheld if it is supported by 'substantial evidence.'" *SEC v. Todd*, 642 F.3d 1207, 1215 (9th Cir. 2011) (citing *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994)). "Substantial evidence is evidence adequate to support the jury's conclusion, even if it is also possible to draw a contrary conclusion from the same evidence." *Todd*, 642 F.3d at 1215 (quoting *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2007) and *Paradise Valley*, 251 F.3d at 1227). In making this determination, "[t]he court must not weigh the evidence, but rather should ask whether [the nonmoving party] has presented sufficient

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

evidence to support the jury's conclusion." *Todd*, 642 F.3d at 1215 (citing *Paradise Valley*, 251 F.3d at 1227-28). The court must disregard all evidence favorable to the moving party that the jury is not required to believe. *See Wallace v. City of San Diego*, 479 F.3d at 624. Further, "[t]he evidence must be viewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in favor of that party." *Todd*, 642 F.3d at 1215.

### 1.2 Statute of Limitations

Defendants argue that Plaintiff's claims are barred by the statute of limitations. Defendants made the same argument in their Motion for Summary Judgment. In the Court's Order on the Motion for Summary Judgment, the Court held that the statute of limitations barred Plaintiff from suing based on the sculpture he discovered in 2008, but that Plaintiff wasn't barred from suing based on the six sculptures he discovered in 2010. (Order on Motion for Summary Judgment, Dkt. No. 56, at 3–4.) Plaintiff then pursued his claims based only on the six sculptures he discovered in 2010. Now Defendants again argue that claims based on these six sculptures are barred by the statute of limitations.

A plaintiff must bring a copyright infringement action "within three years after the claim accrued." 17 U.S.C. § 507. A copyright infringement claim "accrues when one has knowledge of a violation or is chargeable with such knowledge." *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994). A plaintiff will be charged with knowledge of a claim if "he had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [claim.]" *Fahmy v. Jay-Z*, 835 F. Supp. 2d 783, 790 (C.D. Cal. 2011) (quoting *Pincay v. Andrews*, 238 F.3d 1106, 1109–10 (9th Cir.2001)) (alteration in original). In some cases, knowledge of one instance of infringement may place a duty on the plaintiff to search for other instances of infringement. *See, e.g.*, *Fahmy v. Jay-Z*, 835 F. Supp. 2d 783, 790 (C.D. Cal. 2011) (holding that, upon learning that the song *Big Pimpin'* infringed plaintiff's song, plaintiff reasonably could have discovered that the acoustic version of *Big Pimpin'* and the expletive-free version of *Big Pimpin'* also infringed).

Defendants argue that his claims for the six sculptures discovered in 2010 accrued in 2008, when he discovered a sculpture in Newport Beach because a reasonable investigation would have uncovered the remaining sculptures. This argument duplicates what this Court already

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

rejected in ruling on the Motion for Summary Judgment. The Court previously held that "Defendants have not shown that Plaintiff, upon discovering one sculpture based on his own unique work, should have known to scour all of Defendant's properties across different cities for other granite sculptures infringing his work." (Dkt. No. 56, at 4.) Defendants have not pointed to any difference between the evidence presented at summary judgment and the evidence presented at trial that would alter the Court's conclusion.

The Court will not disturb the jury's finding. There was sufficient evidence for the jury to find that Plaintiff didn't know of these six infringing sculptures nor should have known of them before 2010. Thus, the statute of limitations does not bar Plaintiff's claim for copyright infringement of the six infringing sculptures he discovered in 2010.

### 1.3 Direct Infringement

Defendants argue that Plaintiff produced insufficient evidence at trial to support a verdict of direct infringement against Defendants. To establish direct infringement, a plaintiff "must show ownership of the allegedly infringed material and . . . demonstrate that the alleged infringers violate at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007). Among the exclusive rights relevant here are the right to reproduce the copyrighted work, produce a derivative work based upon the copyrighted work, and display a copy of the copyrighted work. *See* 17 U.S.C. §§ 106(1), (2), & (5). Defendants contend that there was not sufficient evidence showing that they violated any of these exclusive rights. The Court disagrees.

There was sufficient evidence presented at trial that Defendants were involved in the creation and display of the alleged copied work, *Human Nature*, and the alleged derivative work, *Tear*. For example, the purchase order for the sculptures, signed by Defendant Olenicoff, designated "Olen Properties/Igor Olenicoff" as the buyer. In interrogatory responses, Defendants described the properties where the sculptures are displayed as "Olen controlled" properties. Olenicoff testified that he helped choose the locations where the sculptures would be displayed. And several of the sculptures are also publicly displayed on the Olen Properties website.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

Further, there was sufficient evidence that, in creating and displaying *Human Nature* and *Tear*, Defendants copied *Untitled*. A plaintiff can prove copying either with direct evidence, or by a "fact-based showings that the defendant had 'access' to the plaintiff's work and that the two works are 'substantially similar.'" *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 481 (9th Cir. 2000). And even "[a]bsent evidence of access, a 'striking similarity' between the works may give rise to a permissible inference of copying." *Baxter v. MCA, Inc.*, 812 F.2d 421, 423 (9th Cir. 1987).

The sculptures are sufficiently similar that the jury could have inferred copying from the "striking similarity" alone. And even if the jury concluded that the works were merely "substantially similar," there was also sufficient circumstantial evidence of access. Wakefield testified that he sent Defendant Olen Properties an email advertising his services as a sculptor, which included a link to his website that featured a picture of *Untitled*. Additional evidence showing that Defendant Olenicoff submitted to the City of Brea a picture of one of Plaintiff's other sculptures featured on his website supports the inference that Defendant Olenicoff accessed Defendant's website. This was sufficient evidence for the jury to find that Defendants accessed the picture of *Untitled* from Wakefield's website, enabling their infringement of the sculpture.

The jury's verdict of direct infringement against both Defendants was sufficiently supported by the evidence.

### 1.4 Vicarious Infringement

Defendants next argue that Plaintiff produced insufficient evidence at trial to support the verdict of vicarious infringement against Defendants. "A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from another's infringing activity and has the right and ability to supervise the infringing activity." *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004) (internal quotation marks omitted). Plaintiff contends that there was sufficient evidence for the jury to find that Defendants enjoyed a direct financial benefit from the Chinese artist's infringement of *Untitled*, and that they had the ability to supervise that infringement. Defendants argue that neither of the elements are met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

There was sufficient evidence supporting the jury's finding that Defendants received a direct financial benefit from the infringement. "The essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps . . . ." *Ellison*, 357 F.3d at 1079. Evidence at trial suggests that Defendants saved money by purchasing inexpensive infringing sculptures. Had Defendants sought to purchase the original edition of *Untitled*, the lowest estimate of its market value was $64,000. But Defendant Olenicoff testified that the price paid for the allegedly infringing sculptures was between $14,000 and $30,000 each. The jury could infer from this evidence that the infringement saved Defendants money.

There was also sufficient evidence that Defendants had the right and ability to supervise the Chinese artist's infringing activity. As already discussed, the purchase order for the sculptures named "Olen Properties/Igor Olenicoff" as the customer. Defendant Olenicoff testified that he directed the creation of *Tear*. And the jury was not required to believe Olenicoff's testimony that he first saw *Human Nature* in a Chinese sculpture garden. The evidence that Olenicoff had access to pictures of *Untitled* and the high level of similarity between *Untitled* and *Human Nature* support the inference that the Chinese artist created *Human Nature* after Defendant Olenicoff directed him to create a replica of *Untitled*.

Plaintiff presented sufficient evidence to support the jury's verdict of vicarious infringement against Defendants.

### 1.5 Contributory Infringement

Defendants also argue that Plaintiff produced insufficient evidence at trial to support a verdict of contributory infringement. "[O]ne who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (9th Cir. 1996 ) (quoting *Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159, 1162 (2d Cir.1971)).

Defendants argue that neither element is met. But the evidence already discussed—including the purchase order, Defendant Olenicoff's testimony that he helped design *Tear*, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

evidence that Olenicoff had access to a photograph of *Untitled*—are sufficient to support to support finding these elements exist. The jury could infer that Defendants saw a photograph of *Untitled* and then induced its infringement by commissioning the replicas. There was sufficient evidence to support the jury's verdict of contributory infringement.

### 1.6 Actual Damages

Plaintiff originally sought both actual damages and infringer's profits. "The copyright owner is entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504. The Court granted summary judgment for Defendants on infringer's profits, holding that Plaintiff's evidence linking the infringement to profits of Defendants was too speculative. (Order re Summary Judgment, Dkt. No. 56, at 7–9.) Though Defendants also sought summary judgment on actual damages, they cited no authority to support their argument and the Court rejected it. (*See id.*, at 7.) That left Plaintiff to pursue only actual damages at trial.

The jury found that "plaintiff's actual damages suffered as a result of the infringement" were $450,000. (Special Verdict at 3.) The evidence presented at trial relevant to damages follows. Plaintiff testified that he would have been willing to sell the piece for $160,000 in 2005, an appraiser valued *Untitled* at $64,000 in 2013, and the friend of Plaintiff who helped create *Untitled* said he believed the piece was worth between $500,000 and $1,000,000. There was also evidence that the labor and materials to create the sculpture would cost between $32,000 and $33,000. There was no evidence of any sales of *Untitled*, license fees for the work, or license fees for comparable works. Defendants argue that the evidence presented at trial was insufficient to support a finding of actual damages.

After reviewing the evidence presented at trial and the briefing by the parties on the issue of actual damages, the Court agrees that the evidence was insufficient. "Actual damages are usually determined by the loss in the fair market value of the copyright, measured by the profits lost due to the infringement or by the value of the use of the copyrighted work to the infringer." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004). There is no presumption that actual damages are a "natural and probable result" of infringing activity.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 513 (9th Cir. 1985). Plaintiff bears the burden of showing a "causal link between the infringement and the monetary remedy sought," and "mere speculation does not suffice" to establish this link. *Polar Bear*, 384 F.3d at 708.

Plaintiff spends much of his Opposition arguing that there was sufficient evidence of *Untitled*'s fair market value, citing valuations of the sculpture. (Opp'n, Dkt. No. 106, at 7–12.) But this alone does not establish that Plaintiff is entitled to damages. First, the relevant focus in this case is not the value of the physical sculpture itself, the lone edition of *Untitled*, which Plaintiff does not even own. Rather the focus is the value of the copyright in *Untitled*, which is what Plaintiff owns and Defendants infringed. Plaintiff seems to conflate the two. Second, actual damages is not measured by the fair market value of a work, but by "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." *Frank Music*, 772 F.2d at 512. Thus, even assuming that the evidence is sufficient as to the value of the copyright, Plaintiff must demonstrate damage to that value.

Turning to methods of measuring damage to the value of a copyright, a common measure is profits lost due to the infringement. *See Polar Bear*, 384 F.3d at 708. But Plaintiff doesn't argue that he lost any profits. Nor was there sufficient evidence at trial to support a finding that Plaintiff lost profits due to the infringement. Plaintiff presented no evidence of past sales of *Untitled*, nor any evidence suggesting that he would have made sales but for Defendants' infringement. To the contrary, Plaintiff testified that he never had nor would produce copies of *Untitled* because he only creates original works of art.

Instead, Plaintiff argues that actual damages should be measured by the value of Defendants' infringing use of the copyright. (Opp'n, Dkt. No. 106, at 10–15.) One measure of this value is a "hypothetical lost license fee." *Polar Bear*, 384 F.3d at 709. This test is an "objective" one, asking "what a willing buyer would have been reasonably required to pay to a willing seller for plaintiffs' work." *Jarvis v. K2 Inc.*, 486 F.3d 526, 533 (9th Cir. 2007). Typically, a "license price is established through objective evidence of benchmark transactions, such as licenses previously negotiated for comparable use of the infringed work, and benchmark licenses for comparable uses of comparable works." *Oracle USA, Inc. v. SAP AG*, 2011 WL 3862074, at *7 (N.D. Cal. Sept. 1, 2011) (citing *Jarvis*, 486 F.3d at 533–35; *Polar Bear*, 384 F.3d at 709).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

Plaintiff presented no evidence of such benchmark transactions, nor any other evidence that would allow the finder of fact to determine what license fee a willing buyer and willing seller would have negotiated. Instead, Plaintiff argues that a license fee can be imputed from the difference between the fair market value of the sculpture and the costs to build it. (Opp'n, Dkt. No. 106, at 11.) In other words, Plaintiff says that the value of the license for the design can be measured by the estimated market value of the finished sculpture (e.g. $64,000) less the costs of granite and labor to create it (e.g. $32,000). Plaintiff argues that "[o]ther than labor and materials, there is logically nothing else that goes into the fair market value of a sculpture." (*Id.* at 14.)

But this argument is not supported by logic or basic economic principles. Plaintiff errs in assuming that the fair market value of a finished work can be calculated by his reference to known component costs (labor, materials, and the license fee). First, Plaintiff is not justified in assuming these are the only costs associated with replicating and selling a sculpture. For example, Plaintiff fails to account for risk (that the sculpture will be damaged before sale or that the seller will otherwise be unable to sell it at the expected price) and opportunity cost (that the seller misses out on other profitable enterprises by putting time and money into this one). Second, and relatedly, the market value of a good is determined by the intersection of supply and demand for that good, not by the simple summation of the component costs of the good. Depending on the market for the finished product, a seller may be able to sell a product at a great profit or no profit at all. Knowing the market value of a good and the market value of some of its component costs, without more, does not give the fact finder a sufficient basis to determine the value of some other component. *See Polar Bear*, 384 F.3d at 709 (holding that the amount of damages cannot be based on "undue speculation").

Nor is Plaintiff's approach supported by law. Plaintiff points to no cases holding that actual damages can be calculated as Plaintiff suggests with only the kind of evidence Plaintiff presented at trial. Plaintiff argues that *Polar Bear*, where the Ninth Circuit held that there was sufficient evidence to find damages based on a reasonable license fee, supports the sufficiency of the evidence here. (Opp'n, Dkt. No. 106, at 10–12.) But in *Polar Bear*, the plaintiff had previously licensed the copyrighted work to the defendant, and an expert witness calculated the market value of the license fee based on the price the plaintiff had quoted for a license before the infringement occurred. 384 F.3d at 709. Here, Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

presented no evidence of previous license fees, nor any expert testimony concerning a reasonable license fee. Rather than supporting the sufficiency of the evidence in this case, *Polar Bear* highlights the type of evidence that can support a showing of actual damages but was absent here. *See Oracle*, 2011 WL 3862074, at *7.

Finally, Plaintiff argues that a hypothetical license fee is not the only method of valuing the infringing use. (Opp'n, Dkt. No. 106, at 15.) But other than the methods already discussed in this Order, Plaintiff doesn't present a viable alternative method of measuring the value of the infringing use with the evidence presented at trial.

Even viewing the evidence presented at trial in the light most favorable to Plaintiff, it is insufficient to support an award of actual damages.

### 1.7 JMOL Conclusion

The Court DENIES in part and GRANTS in part the JMOL. The Court finds that the statute of limitations does not bar Plaintiff's claims and there was sufficient evidence to support the jury's findings on liability. But it finds that there was insufficient evidence to support the jury's damages award. Accordingly, the Court VACATES the damages awarded by the jury.

## 2. Injunctive Relief

As stated, before the Court is Plaintiff's Motion for a Permanent Injunction. In that Motion, Plaintiff moves the Court to issue an order "enjoining Defendants' (and any individuals or entities acting in concert with the defendants or acting at their direction) continued infringement of his copyright and requests that the Court (1) order any and all copies and other derivative works to be destroyed or possession thereof to be delivered to Wakefield, including *Human Nature's Many Faces* ("*Human Nature*") and *A Tear Must Fall* ("*Tear*"), at Wakefield's election and (2) order any and all photographs of the copies and other derivative works to be taken down from Defendants' websites." (Dkt. No. 109, at 1.) Defendants argue that Plaintiff is not entitled to injunctive relief. (*Id.*, at 8.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

"An injunction should only issue where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'" *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982) (quoting *Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)). A court "may . . . grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

"According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Those factors require "(1) that [the plaintiff] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay*, 547 U.S. at 391; *Apple, Inc. v. Psystar Corp.*, 658 F.3d 1150, 1152-53 (9th Cir. 2011). After the test for a permanent injunction is met, a court may also order the destruction, or another reasonable disposition, of all infringing copies. 17 U.S.C. § 503(b); *Hounddog Prods., L.L.C. v. Empire Film Grp., Inc.*, 826 F. Supp. 2d 619, 633 (S.D.N.Y. 2011); *WPOW, Inc. v. MRLJ Enters.*, 584 F. Supp. 132, 135 (D.D.C. 1984).

After reviewing the evidence, the Court makes the following findings of fact and conclusions of law, supplemented as necessary by findings and conclusions already made, with all findings based on the jury's findings.

### 2.1 Inadequacy of Legal Remedy and Irreparable Harm

The first and second factors of the *eBay* test are often considered together. *See MercExchange, L.L.C. v. eBay, Inc.*, 500 F. Supp. 2d 556, 582 (E.D. Va. 2007); *MGM Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1219 (C.D. Cal. 2007); *Smith & Nephew, Inc. v. Synthes*, 466 F. Supp. 2d 978, 982-83 (W.D. Tenn. 2006) ("[T]he irreparable harm requirement contemplates the inadequacy of alternate remedies available to the plaintiff."). Defendants essentially argue that Plaintiff's actual damages award would have amounted to a "forced sale" or "hypothetical license to fabricate copies" including continuing display rights and would foreclose issuing an injunction. (Opposition, Dkt. No. 111, at 9-10.) Defendants generally

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

assert that this hypothetical transaction would make money damages adequate and that the only failure was in Plaintiff proving damages at trial. (*Id.*) Plaintiffs contend that Defendants' continued display of the infringing works constitutes an irreparable harm that Plaintiff has not and cannot be compensated for with money damages. (Reply, Dkt. No. 116, at 5.) The Court finds Plaintiff's irreparable harm and adequacy of legal remedy arguments persuasive.

Here, Plaintiff's legal remedies are inadequate to compensate for the continued display of his copyright against his will. The owner of a valid copyright interest holds the exclusive right to decide when the work is displayed and who may display it. 17 U.S.C. § 106. The "right to exclude others from using [the copyright holder's] property," is supported by the principle that a "copyright, like a patent, is at once the equivalent given by the public for benefits bestowed by the genius and meditations and skill of individuals and the incentive to further efforts for the same important objects." *Fox Corp. v. Doyal*, 286 U.S. 123, 127 (1932) (internal quotation marks omitted).

Further, copyright law does not promote forced transactions like what Defendants suggest. *See Silverstein v. Penguin Putnam, Inc.*, 368 F.3d 77, 84 (2d Cir. 2004) ("In the copyright realm, it has been said that an injunction should be granted if denial would amount to a forced license to use the creative works of another . . . . In many instances, injunctive relief may be the best or only way to preserve the exclusivity of a copyright."). As discussed, Defendants have infringed and continue to infringe Plaintiff's copyright. Plaintiff has not been compensated for this infringement. Though Defendants contend Plaintiff's failure to prove actual damages cuts against awarding a preliminary injunction, Defendants have not supported this argument with any authority.

Plaintiff has also been irreparably harmed. While, after finding infringement, courts do not presume irreparable harm, the nature of Plaintiff's injury satisfies the irreparable harm prong here. *See Flexible Lifeline Sys. v. Precision Life, Inc.*, 654 F.3d 989, 998 (9th Cir. 2011) ("We conclude that presuming irreparable harm in a copyright infringement case is inconsistent with, and disproved by, the Supreme Court's opinions in *eBay* and *Winter*."). Irreparable harm is not difficult to establish. *MGM Studios,* 518 F. Supp. at 1214-15 (holding that, though irreparable harm cannot be presumed under *eBay*, irreparable harm "should not be difficult to establish." (internal quotation omitted)). Here, Plaintiff creates unique, one-of-a-kind works

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

of art, and Defendants continue to infringe by displaying the copies. As stated, Defendants have not compensated Plaintiff for this use. Considering the equitable nature of a permanent injunction, Plaintiff has made a sufficient showing of irreparable harm.

### 2.2 Balance of Hardships

Defendants assert that they will have to spend considerable time, money, and effort in removing and replacing the sculptures if the injunction is granted. (Opposition, Dkt. No. 111, at 12-13.) Defendants also argued that they would have to spend more money to replace the sculptures at the Brea properties to comply with the City of Brea's Art in Public Places program. (*Id.*) Plaintiffs assert that Defendants, curiously, were never even admitted to that program. (Reply, Dkt. No. 116, at 8.) Regardless, only two of the seven copies are in Brea, and it seems Defendants would likely need to replace those sculptures to comply with the program regardless of whether there is an injunction. (*See* Opposition, Dkt. No. 111, at 4-5.) That is because the program does not allow the display of non-original works. (Motion, Dkt. No. 109, at 7.) While Defendants will likely have to expend a noticeable effort removing and replacing the sculptures, the interest in preserving Plaintiff's exclusive copyrights outweighs those efforts.

### 2.3 Public Interest

Defendants argue that "[i]f the sculptures are ordered to be destroyed or removed . . . one public interest that would be disserved would be the removal of unique art." (Opposition, Dkt. No. 111, at 15.) Plaintiff argues, and the Court agrees, that removing infringing works from public places will serve a public interest. (Motion, Dkt. No. 109, at 6-8.) Defendants further contend that the interests of third parties should also be considered (Opposition, Dkt. No. 111, at 13-15.) The interest in removing infringing sculptures from the public serves the greater public interest more than individual third party concerns. Plaintiff has shown that the public interest will not be disserved by the removal of the infringing works.

### 2.4 Conclusion

Doing equity, and relying in part on common sense, the Court finds that Defendants should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

not be given the de facto right to display the copyrighted work entirely against the copyright owner's wishes. After applying the *eBay* factors, the Court finds that a permanent injunction should issue.

### 2.5 The Injunction

The Court finds that injunctive relief is reasonable and appropriate to prevent future violations of the law. The Court ORDERS a permanent injunction issue as follows:

> After receiving actual notice of the injunction by personal service or otherwise, Defendants, and their officers, agents, servants, employees, and attorneys, who are in active concert with Defendants, are PERMANENTLY ENJOINED from infringing Plaintiff's copyrighted works.

Defendants are ORDERED to remove any an all photographs of the infringing works from their websites within one month of receiving actual notice of the injunction.

Defendants are further ORDERED to deliver to Plaintiff any and all infringing copies of the copyrighted work, including all sculptures of *Human Nature's Many Faces*, and derivative work, including all sculptures of *A Tear Must Fall*, within eight months of receiving actual notice of the injunction, or, to destroy all existing infringing sculptures within eight months of receiving actual notice of this injunction. Defendants can elect whether they want to deliver the sculptures or destroy them.

Within eight months of receiving actual notice of the injunction, Defendants must file with the Court and serve on Plaintiff a writing under oath declaring that they have complied with this Order and providing specific details of such compliance.

Plaintiff may submit for signature by this Court a simple, specific Judgment.

### 3. Reopen Evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

Plaintiff also filed a Motion to Reopen Evidence. (Dkt. No. 114.) Plaintiff asserts he discovered one new infringing sculpture of *Untitled* at one of Defendants' properties. (*Id.* at 3.) Based on the evidence before the Court, the newly discovered sculpture appears to be *Human Nature's Many Faces*. Plaintiff moves the Court to "reopen evidence on the issue of injunctive relief to receive this newly discovered evidence." (*Id.*)

Defendants argue that the Motion to Reopen should be denied because Plaintiff was not diligent in investigating the scope of his claims, the proffered evidence is of de minimus probative value, and Plaintiff is asserting a new claim not pleaded in the complaint because each separate act of copyright infringement is a separate claim. (Dkt. No. 117, at 2, 7.) Concerning diligence, the Court already discussed in Section 1.2, and previously held, that Plaintiff need not scour all of Defendants' properties. Defendants' have dozens of properties and Plaintiff declared that he "visited a number of the Orange County, California locations listed on the Olen Properties' website." (Dkt. No. 114-1, Wakefiled Decl., ¶ 3.) Based on the evidence before the Court, it also appears that Defendants should have disclosed this sculpture during discovery. (*See* Dkt. No. 114-2, Brockland Decl.) Defendants' diligence arguments are unpersuasive. Defendants also assert that there is little probative value to granting the injunction because a showing of a new infringing sculpture does not change the fact that Plaintiff has presented insufficient evidence of actual damages and irreparable harm to his financial interest of reputation. (*Id.* at 5.) As the Court concluded in Section 2, Plaintiff has presented sufficient evidence of irreparable harm and an inadequate legal remedy.

The arguments of both Plaintiff and Defendants concerning reopening evidence are not very extensive primarily because they each spend a portion of their papers rearguing the *eBay* factors. (Dkt. No. 114, at 7; Dkt. No. 117, at 5-7.)

### 3.1 Legal Standard

To determine whether to reopen evidence, Plaintiff and Defendants rely on the same legal standard from the Fifth Circuit. A brief review of authority from the Ninth Circuit reveals that there are three general instances when evidence will be reopened. Those instances include when a party is seeking a new trial under Rule 59; when a party is seeking relief from a final judgment, order, or proceeding under Rule 60; and when certain immigration

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

determinations and appeals are made. The parties do not present arguments under any of these tests, although Defendants cite the Rule 60(b) test in a footnote. (Dkt. No. 117, at 4 n.1). It appears Defendants cite Rule 60(b) to argue that the Fifth Circuit test should be applied like the Rule 60(b) test, but they never explicitly state this. Without deciding what the applicable test here, the Court DENIES the Motion to Reopen because it fails to satisfy the proposed Fifth Circuit test.

Under the Fifth Circuit's test, "[t]he factors the trial court should consider [when considering reopening a case] are: (1) the importance and probative value of the additional evidence; (2) the reason's for the moving party's failure to introduce the evidence at trial; and (3) the possibility of prejudice to the non-moving party." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 609 (5th Cir. 2000) (citing *Garcia v. Woman's Hospital of Texas*, 97 F.3d 810, 815 (5th Cir. 1996)).

### 3.2 Analysis

The Court has already described the scope of the permanent injunction in Section 2.5. Its terms are sufficiently tailored to prevent continued infringement of *Untitled* through, for example, displaying infringing sculptures, including *Human Nature's Many Faces* and *A Tear Must Fall*. By the terms of the injunction this apparent infringing copy of *Untitled* would need to be destroyed or delivered to Plaintiff. Thus, the injunction will already remedy the harm and this evidence does not justify reopening evidence. Plaintiff has not satisfied the Fifth Circuit test because, among other reasons, the new evidence is not important or probative for the injunction. Accordingly, the Motion to Reopen is DENIED.

**DISPOSITION**

The Court DENIES in part and GRANTS in part the JMOL. The Court finds that the statute of limitations does not bar Plaintiff's claims and there was sufficient evidence to support the jury's findings on liability. But it finds that there was insufficient evidence to support the jury's damages award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-2077 AG (RNBx) | Date | March 30, 2015 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF, et al. | | |

The Court GRANTS the Motion for a Permanent Injunction. The Court also ORDERS a permanent injunction issue under the terms described in Section 2.5 of this Order. Plaintiff may submit for signature by this Court a simple, specific Judgment.

The Court DENIES the Motion to Reopen. Using the parties' proposed legal test, the importance and probative value of the additional evidence does not warrant reopening the evidence as to the permanent injunction.

Finally, the Court ORDERS the parties to meet and confer about how this Court's Order may be implemented. In such meeting, the possibility of an overall efficient resolution of all claims between the parties must be reviewed.

                                                                           :   0

Initials of Preparer     lmb