**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION**

**HONORABLE ANDREW J. GUILFORD, U.S. DISTRICT JUDGE**

```
DONALD WAKEFIELD,               )
                                )
            Plaintiff,          )
                                )
       vs.                      ) Case No.
                                )
IGOR OLENICOFF, et al.,         ) 8:12-cv-02077-AG-RNB
                                )
            Defendants.         )
                                )
```

REPORTER'S TRANSCRIPT OF
MOTION HEARING
MONDAY, MARCH 24, 2014
10:46 A.M.
SANTA ANA, CALIFORNIA

**DEBBIE HINO-SPAAN, CSR 7953, CRR**
FEDERAL OFFICIAL COURT REPORTER
411 WEST FOURTH STREET, ROOM 1-191
SANTA ANA, CALIFORNIA 92701-4516
dhinospaan@yahoo.com

UNITED STATES DISTRICT COURT

**APPEARANCES OF COUNSEL:**

**FOR THE PLAINTIFF:**

    KUZNETSKY LAW GROUP
    BY:  MICHAEL D. KUZNETSKY, ESQ.
    6565 Sunset Boulevard
    Suite 311
    Hollywood, California 90028
    (818) 753-2450

**FOR THE DEFENDANTS:**

    JULIE A. AULT, ATTORNEY AT LAW
    LESLIE VANDALE, ATTORNEY AT LAW
    Seven Corporate Plaza
    Newport Beach, California 92660
    (949) 719-7212

```
                 1          SANTA ANA, CALIFORNIA; MONDAY, MARCH 24, 2014

                 2                          10:46 A.M.

                 3                            - - -

                 4          THE COURTROOM DEPUTY:  Item No. 5, SACV-12-2077,
     10:46AM     5  Donald Wakefield versus Igor Olenicoff, et al.

                 6      Do you want to call it with No. 6?

                 7          THE COURT:  Yes.

                 8          THE COURTROOM DEPUTY:  Item 6, SACV-12-2094, John

                 9  Raimondi versus Igor Olenicoff.

     10:47AM    10          MS. AULT:  Julie Ault and Leslie Vandale for the

                11  defendants.

                12          MR. KUZNETSKY:  Good morning, Your Honor.  Michael

                13  Kuznetsky for plaintiffs.

                14          THE COURT:  All right.  So Mr. Kuznetsky, you
     10:47AM    15  received our tentative.  Let's hear from you.  Let me say, your

                16  papers don't cite much law.  And the law cite isn't the right

                17  law.  I'd say about 90 percent of folks seeking leave to amend

                18  their Answer never focus on Rule 16 when Rule 16 applies.  Your

                19  reference to Rule 15 and the liberality of Rule 15 is not the
     10:47AM    20  accurate reference after the time to amend passes.

                21      So I could have used a little more authority.  I could

                22  have used a little more analysis under Rule 16 instead of

                23  Rule 15, but it's -- it is an error that is always made in this

                24  context.  So focusing now on Rule 16, not just Rule 15, I look
     10:48AM    25  forward to hearing your argument.
```

|  |  |
|---|---|
| 1 | MR. KUZNETSKY:  Thank you, Your Honor.  What I would |
| 2 | like to focus the Court's attention on and request that it |
| 3 | reconsider its tentative as to one of the four defendants or |
| 4 | prospective defendants, which is Realty Services Corp., in Igor |
| 10:48AM  5 | Olenicoff's verified interrogatory responses in July 2013, he |
| 6 | provided answers to questions about his acquisition of the |
| 7 | at-issue sculptures. |
| 8 | And in the case of Donald Wakefield, that includes the |
| 9 | sculptures entitled "Human Nature's Many Faces."  Based on that |
| 10:48AM 10 | representation, it was plaintiff's understanding that he had |
| 11 | acquired or owned the sculptures.  It wasn't until later, his |
| 12 | deposition in January, that it came out in contradiction to |
| 13 | those responses that Mr. Olenicoff never acquired those |
| 14 | sculptures, but, in fact, Realty Services Corp. paid for those |
| 10:49AM 15 | and continues to own them to this day, and that Realty Services |
| 16 | Corp. paid for the other sculptures in both cases, but does not |
| 17 | currently own them. |
| 18 | So this potentially makes Realty Services Corp. a direct |
| 19 | infringer in these matters.  Unlike the property ownership of |
| 10:49AM 20 | the other three prospective defendants, the ownership of the |
| 21 | sculptures is not public record, is not something plaintiff |
| 22 | could have discovered other than through the discovery process |
| 23 | with defendants.  So I think there would be a great amount of |
| 24 | prejudice if this defendant -- |
| 10:49AM 25 | THE COURT:  What about the prejudice to the |

```
 1   defendant if he came on board and faced a trial in two or three
 2   months?  That would be kind of prejudicial to that defendant,
 3   wouldn't it?
 4              MR. KUZNETSKY:  It would but for the fact that per
 5   the court's scheduling order under -- in exceptional
 6   circumstances, the trial dates and pretrial deadlines can be
 7   continued.  And I think it's a matter of weighing the
 8   prejudices here of letting a direct infringer walk away versus
 9   inconveniencing the parties.
10              THE COURT:  This case was filed in 2012; right?
11              MR. KUZNETSKY:  Correct, Your Honor.
12              THE COURT:  So boy, it strikes me that this is a
13   case that shouldn't be taking this long to get the discovery
14   done and get to trial.  This is a case, if you filed it in
15   2012, it should have been tried in 2013.  And yet we're aiming
16   for mid-2014.  And I think that's more than enough time to get
17   the parties together and get the discoveries done.  And I -- I
18   just don't think that it's fair and -- just to be adding
19   parties at this stage.
20              MR. KUZNETSKY:  Just to comment on that one point.
21              THE COURT:  Sure.
22              MR. KUZNETSKY:  We've been asking for deposition
23   dates from the defendants for months, and we're continually
24   told that Mr. Olenicoff is tied up in trials, is out of state.
25              THE COURT:  Let me tell you something.  That happens
```

|  |  |
|---|---|
| 1 | in every case.  I can't -- I don't think I can recall a case in |
| 2 | my 30 years of being a trial lawyer having a -- well, there |
| 3 | probably were cases, but the -- the rule is that it's difficult |
| 4 | to get your deposition, and people are busy, and you set your |
| 10:51AM  5 | schedules.  And that means you got to start the process early, |
| 6 | and you got to start it early enough to bring motions to |
| 7 | compel. |
| 8 | And the thought when we set our trial dates is that you'll |
| 9 | get out there, you'll do your motions to compel, you'll do your |
| 10:51AM 10 | deposition.  And when it comes up to the trial, you'll say, |
| 11 | "Oh, you didn't give us the date" and "He's out of town."  That |
| 12 | always happens.  You got to bring your motions to compel.  Get |
| 13 | all your ducks lined up. |
| 14 | I think I was fairly generous in setting a trial at least |
| 10:52AM 15 | a year and a half after the case was filed.  And the case isn't |
| 16 | really complex as to facts.  So when you say, "Oh, gee, they're |
| 17 | not giving us the discovery," that's what always happens.  And |
| 18 | if I grant a trial continuance every time someone had |
| 19 | difficulty getting depositions, I'll be granting trial |
| 10:52AM 20 | continuance in most cases, don't you think? |
| 21 | MR. KUZNETSKY:  Yes, Your Honor.  But in this |
| 22 | instance we have a misleading and untrue statement and verified |
| 23 | interrogatory responses that we reasonably relied upon.  And |
| 24 | it's the delay between getting that answer and then later the |
| 10:52AM 25 | contradictory testimony in the deposition that is pertinent as |

|  |  |
|---|---|
| 1 | to this particular defendant. |
| 2 | THE COURT:  Okay.  Let's hear from the defense. |
| 3 | MS. VANDALE:  Thank you, Your Honor. |
| 4 | THE COURT:  Was there a misstatement in the |
| 10:53AM  5 | interrogatories? |
| 6 | MS. VANDALE:  Your Honor, I'd like to point out that |
| 7 | this information was not submitted with any supporting evidence |
| 8 | with the moving papers, so defendants did not have an |
| 9 | opportunity to respond to it in our position. |
| 10:53AM 10 | THE COURT:  So you don't know whether there was a |
| 11 | misstatement in the interrogatories? |
| 12 | MS. VANDALE:  As I stand here today, I'm not |
| 13 | absolutely certain of that.  I can tell Your Honor that with |
| 14 | respect to the potential requested additional defendant, Realty |
| 10:53AM 15 | Services Corporation, plaintiff had knowledge of this |
| 16 | particular entity well before the lawsuit was even filed. |
| 17 | And I did -- we did point that out in our opposition |
| 18 | papers showing that documents that were produced in this case |
| 19 | were in the possession of plaintiff before the lawsuit was even |
| 10:54AM 20 | filed back in 2011.  Realty Services checks that were submitted |
| 21 | to the City of Brea indicating that the sculptures at issue |
| 22 | purchased by that corporation were in plaintiff's possession |
| 23 | well before the lawsuit was filed. |
| 24 | THE COURT:  Okay.  Anything further? |
| 10:54AM 25 | MS. VANDALE:  I don't have anything else, Your |

1   Honor.
2              THE COURT: All right. Anything to close,
3   Mr. Kuznetsky?
4              MR. KUZNETSKY: Just to address that one point about
5   the checks, they were provided with no explanatory information.
6   They were checks from Realty Services Corp. to Soho Company.
7   There was no indication as to -- that they were for purchase of
8   sculptures, related to Mr. Olenicoff or Olen Properties Corp.
9   And we tried to subpoena records from Soho Company in an
10  attempt to evaluate that further. And as you may recall, we
11  had an application for an Order to Show Cause Re Contempt due
12  to that company's failure to comply with our subpoena attempts.
13             THE COURT: Let me ask this: We do have a trial
14  coming up. Have you had settlement discussions?
15             MR. KUZNETSKY: Yes, Your Honor. We had mediation a
16  few weeks ago. And as to one of the cases, there had been some
17  settlement discussions. As to the Wakefield case, I think the
18  parties felt it was premature with the motion for summary
19  judgment pending for next Monday. At the mediator's
20  suggestion, we are going to be reconvening for the mediation I
21  believe that same day after the hearing.
22             THE COURT: Okay. I'll just say people always want
23  the summary judgment resolved before they get to settlement.
24  It's a speech I've given before. You may have heard it that
25  all good businesspeople make business decisions on

|  |  |
|---|---|
| 1 | less-than-perfect information except lawyers.  Lawyers seem to |
| 2 | want perfect information before they evaluate risks. |
| 3 | You can evaluate risks before summary judgment, save a lot |
| 4 | of fees and settle it with that uncertainty rather than face |
| 10:56AM  5 | the reality of the summary judgment.  But most lawyers like to |
| 6 | wait until summary judgment is resolved.  I don't think that |
| 7 | necessarily is the right approach throughout, but that's what |
| 8 | you're doing here, so good luck on your settlement.  And having |
| 9 | considered your arguments, Mr. Kuznetsky, I'm not inclined to |
| 10:56AM 10 | change the tentative.  So the tentative will be the ruling of |
| 11 | the court.  Thank you. |
| 12 | MS. VANDALE:  Thank you, Your Honor. |
| 13 | MR. KUZNETSKY:  Thank you, Your Honor. |
| 14 | **(Proceedings concluded at 10:56 a.m.)** |
| 15 | --oOo-- |

*CERTIFICATE OF OFFICIAL REPORTER*

COUNTY OF LOS ANGELES )
                      )
STATE OF CALIFORNIA   )

        I, DEBBIE HINO-SPAAN, FEDERAL OFFICIAL REALTIME COURT REPORTER, in and for the United States District Court for the Central District of California, do hereby certify that pursuant to Section 753, Title 28, United States Code that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

*Date: September 24, 2015*

                                                     /S/ DEBBIE HINO-SPAAN

                                                *Debbie Hino-Spaan, CSR No. 7953*
                                                *Federal Official Court Reporter*

**UNITED STATES DISTRICT COURT**