1  William L. Buus (SBN 180059)
   Eric M. Schiffer (179695)
2  SCHIFFER & BUUS, APC
   3070 Bristol Street, Suite 530
3  Costa Mesa, CA 92626
   Telephone:  (949)825-6140
4  Facsimile:   (949)825-6141
   Email:         wbuus@schifferbuus.com
5
   Attorneys for Defendants
6  IGOR OLENICOFF and
   OLEN PROPERTIES CORP.
7

8
                  UNITED STATES DISTRICT COURT
9
                 CENTRAL DISTRICT OF CALIFORNIA
10

11
   DONALD WAKEFIELD,                ) Case No.: 8:12-CV-02077-AG-RNB
12                                   )
              Plaintiff,             ) Assigned to Hon. Andrew J. Guilford
13                                   ) Courtroom 10D
       vs.                           )
14                                   ) **DEFENDANTS' NON-OPPOSITION**
   IGOR OLENICOFF, OLEN             ) **TO MOTION TO AMEND**
15 PROPERTIES CORP., and DOES 1     ) **SCHEDULING ORDER AND**
   through 10, inclusive,            ) **OPPOSITION TO MOTION FOR**
16                                   ) **LEAVE TO FILE AMENDED**
              Defendants.            ) **COMPLAINT**
17                                   )
                                     ) Date:        June 5, 2017
18                                   ) Time:        10:00 a.m.
   _____) Location:    Courtroom 10D
19

20

21

22

23

24

25

26

27

28
                                    1
   DEFENDANTS' NON- OPPOSITION TO AMENDMENT TO SCHEDULING
   ORDER AND OPPOSITION TO MOTION TO FILE AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Following the issuance of mandate by the Ninth Circuit, Plaintiff DONALD WAKEFIELD ("Wakefield") filed the current motion seeking leave to amend the scheduling order and leave to file an amended complaint.  As to the former, Defendants IGOR OLENICOFF and OLEN PROPERTIES CORP. ("Olen Defendants") leave it to the court to determine how best to implement the Ninth Circuit's mandate, and therefore do not oppose the amendment of the scheduling order to accomplish the Ninth Circuit's specific instructions as spelled-out in its mandate.

As to the motion for leave to file an amended complaint, however, the Olen Defendants oppose that motion on the grounds that such action 1) runs afoul of the PreTrial Conference Order (Dkt. 72-1); 2) fails to satisfy the "undue delay" standard of Rule 15 since Wakefield opted to wait the entire duration of the Ninth Circuit appeal (nearly three years after his purported discovery of the Two Venture Plaza Sculpture) to see how the court would rule on the actual damages issue before seeking to take any action; and 3) is contrary to this court's consideration of the identical issue regarding the Two Venture Plaza Sculpture in which Wakefield previously sought (and was denied) the ability to re-open the evidence to add a new claim for copyright infringement based upon the discovery of the Two Venture Plaza Sculpture.  Wakefield's decision to "hedge his bet" on the outcome of the actual damages issue at the Ninth Circuit should not turn this court into a revolving door of claims which Wakefield appears to believe should relate back to his initial lawsuit filed in 2012.  At some point, finality should be imposed.  The motion as it pertains to leave to file an amended complaint should therefore be denied.

DEFENDANTS' NON- OPPOSITION TO AMENDMENT TO SCHEDULING ORDER AND OPPOSITION TO MOTION TO FILE AMENDED COMPLAINT

## II. ARGUMENT

### A. THE OLEN DEFENDANTS HAVE NO OPPOSITION TO THIS COURT TAKING APPROPRIATE STEPS TO IMPLEMENT THE NINTH CIRCUIT'S MANDATE, SO LONG AS THE STEPS ARE SPECIFICALLY LIMITED TO THE 2008 SCULPTURE

The Ninth Circuit's Memorandum Opinion was specific as to the scope of the mandate this Court is required to undertake; namely, to reinstate the jury's verdict and to conduct further proceedings regarding the original sculpture Wakefield viewed in 2008 ("the 2008 Sculpture"), the claim which this court previously ruled to be time-barred.[1]  The mandate was not intended to restart the clock on any new litigation Wakefield believes to be warranted.  Since the purpose of mandate is for the district court to regain jurisdiction over the case which the Ninth Circuit reviewed (*Sgaraglino v. State Farm Fire & Cas. Co.*, 896 F. 2d 420, 421 (9th Cir. 1990), and not to be a starting point for any new litigation that Plaintiff may wish to initiate, the Olen Defendants request that this court undertake only those procedural steps necessary to implement the mandate from the Ninth Circuit, and nothing more.

### B. THE MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT TO ADD A NEW CLAIM FOR COPYRIGHT INFRINGEMENT SHOULD BE DENIED

#### 1. Wakefield Has Failed to Demonstrate That a Post-Trial Modification to the Final PreTrial Conference Order to Include a New Claim is Warranted

On April 17, 2014, the parties submitted a Final Pretrial Conference Order

---

[1] The Olen Defendants are in the process of filing a petition for a writ of certiorari with the U.S. Supreme Court on the statute of limitations issue.

DEFENDANTS' NON- OPPOSITION TO AMENDMENT TO SCHEDULING ORDER AND OPPOSITION TO MOTION TO FILE AMENDED COMPLAINT

1  ("FPCO") (See Dkt. 72-1).  The Final Pretrial Conference hearing took place on

2  April 28, 2014, and the court thereafter entered a minute order so reflecting.  (See

3  Dkt. 83).  In the FPCO, Wakefield noted that the trial would be based upon "six

4  infringing copies" (Dkt 72-1, at page 4).  The trial thereafter went forward, as

5  indicated.  Wakefield's attempt to file an amended complaint which adds a new

6  claim of infringement regarding a different sculpture at a different building falls

7  outside the issues contained within the FPCO.

8       The purpose of the FPCO is to promote efficiency and conserve judicial

9  resources in order to "to facilitate the trial of a lawsuit on its merits" and "to avoid

10  surprise." *Law Co., Inc. v. Mohawk Const. & Supply Co., Inc.*. 577 F. 3d 1164,

11  1171 (10th Cir. 2009).  Indeed, the FPCO becomes the outline for trial. See FRCP

12  16(d), (e).   Most courts hold that the final pretrial order supersedes the parties'

13  pleadings. Thus, claims asserted in the pleadings but omitted in the pretrial order

14  cannot be raised during trial.  *Eagle v. American Tel. & Tel. Co.*, 769 F. 2d 541,

15  548 (9th Cir. 1985).  While under certain circumstances, a failure to amend the

16  complaint to add an omitted claim can be "cured" by incorporating the omitted

17  claim into the FPCO (*Ryan v. Illinois Dept. of Children & Family Services*, 185 F.

18  3d 751, 763) (7th Cir. 1999), the opposite is not necessarily true.  For that reason,

19  many courts have denied a request to amend the pleadings after entry of the FPCO

20  as a motion made too late.  *Soltys v. Costello,* 520 F. 3d 737, 742-744 (7th Cir.

21  2008) (eve of trial).  Others only allow modification to a FPCO to add an omitted

22  claim "to prevent manifest injustice." FRCP 16(e); see *Wilson v. Muckala*, 303 F.

23  3d 1207, 1221 (10th Cir. 2002).

24       Here, Wakefield has offered no reason as to why modifying the FPCO

25  would be warranted in this situation (nor has he even requested permission to do

26  so).  Instead, Wakefield has, by his own admission, indicated his true animus in

27  waiting nearly three years to assert this new claim of infringement:  he wanted to

28  see how the Ninth Circuit would rule on the actual damages issue.  (See Motion at

DEFENDANTS' NON- OPPOSITION TO AMENDMENT TO SCHEDULING
ORDER AND OPPOSITION TO MOTION TO FILE AMENDED COMPLAINT

1  page 10).  Emboldened by the Ninth Circuit's approval of the evidence to support a

2  claim of actual damage that Wakefield submitted at trial (which this court

3  previously found to be insufficient in its ruling on the Rule 50 motion), Wakefield

4  now seeks to have this new claim added by way of an amended pleading.

5  Certainly, waiting to hedge his bet cannot rise to the level of preventing "manifest

6  injustice" so as to justify a modification to the FPCO some three years after the

7  fact- including after a full trial on the merits.  Since each separate act of copyright

8  infringement constitutes a separate claim upon which an action may be brought

9  (*Seven Arts Filmed Entertainment Ltd. v. Content Media Corp. PLC*, 733 F.3d

10  1251, 1254 (9th Cir. 2013)), and since the Two Venture Plaza Sculpture copyright

11  infringement claim falls outside the FPCO, the modification of the FPCO for that

12  purpose is simply not warranted, such that the request for leave to file an amended

13  complaint should be denied.

14            2.      **Wakefield Should Not Be Granted Leave to Amend His**
                      **Complaint Because of His Undue Delay in Discovering the**
15                    **Alleged Infringing Sculpture and in Bringing this Motion**

16

17        By Wakefield's own admission, the purported infringing Two Venture Plaza

18  Sculpture has sat passively outside of the Olen Defendants' building at Two

19  Venture Plaza in Irvine- the same city that two of the other sculptures were

20  located- for several years.  Yet Wakefield never made any effort to discover the

21  sculpture's existence.  Instead, he blames the Olen Defendants for "concealing" a

22  large sculpture that has been on public display outside of a building, and claims

23  that he "could not have reasonably learned of the existence" (See Motion at page

24  9).  The problem is that Wakefield fails to explain why, after he discovered other

25  copies of *Untitled*, he did not perform any further independent investigation into

26  the possible existence of other copies of "Human Nature's Many Faces" at other

27  Olen-related properties.  It certainly would not have taken an exhaustive search,

28  but rather a reasonable one, to have found the Two Venture Plaza Sculpture in

DEFENDANTS' NON- OPPOSITION TO AMENDMENT TO SCHEDULING
ORDER AND OPPOSITION TO MOTION TO FILE AMENDED COMPLAINT

1  Irvine.

2      Even if this court takes Wakefield's word that he could not have discovered

3  a large sculpture on public display for several years- even after he was on notice of

4  other sculptures on public display in the exact same manner and in the exact same

5  city and filed a lawsuit regarding them- he still has no reasonable explanation as to

6  why he waited nearly three years to file this motion.  Wakefield half-heartedly

7  claims that "there was not an active case in which to file an amended complaint

8  until issuance of the 9th Circuit mandate" (See Motion at page 9).  However, this

9  "explanation" is nothing more than Wakefield double-downing on his bet that the

10  Ninth Circuit would reverse this court on the actual damages issue, since had the

11  Olen Defendants prevailed at the Ninth Circuit, there still would have been no

12  active case for Wakefield since trial in this matter occurred three years ago, and

13  there would have been nothing further for this court to do.

14      The Court may consider whether Plaintiff unduly delayed in seeking leave to

15  amend. *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (citing

16  *Parker v. Joe Lujan Enters., Inc.*, 848 F.2d 118, 121 (9th Cir. 1988)).  This Circuit

17  has long held that late amendments to assert new theories "are not reviewed

18  favorably when the facts and the theory have been known to the party seeking

19  amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of*

20  *Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).  Here,

21  Wakefield knew about the Olen Defendants' buildings for several years, knew

22  about at least six sculptures he identified as infringing *Untitled,* identified the Two

23  Venture Plaza Sculpture in September 2014, yet only now files this motion in April

24  2017.  Wakefield should not be entitled to use this court as a revolving door for his

25  late-discovered claim.  The motion as to the request for leave to file an amended

26  complaint should therefore be denied.

27

28

DEFENDANTS' NON- OPPOSITION TO AMENDMENT TO SCHEDULING
ORDER AND OPPOSITION TO MOTION TO FILE AMENDED COMPLAINT

1
2

        3.     **This Court Has Already Considered, and Rejected, Wakefield's Attempt to Re-Open the Evidence in this Case**

3
4
5
6
7
8
9
10
11
12
13
14
15

     This motion represents Wakefield's second attempt to have this court sanction his late-discovered claim by allowing adjudication of this new claim of infringement within this case (which has already proceeded through trial).  The first motion to re-open the evidence (Dkt. 114), which he filed back in October 2014, was denied by this court (Dkt. 120).  In that order, this court reasoned that the terms of the permanent injunction would require either the destruction of the Two Venture Plaza Sculpture or the delivery of that sculpture to Wakefield, which would remedy any potential harm to Wakefield.  (See Dkt. 120 at page 19).  While that motion pertained to reopening evidence whereas this motion pertains to filing a new amended pleading to include the Two Venture Plaza Sculpture, the Olen Defendants assert that this is a distinction without a difference.  Consistency, as well as finality, require that this court follow its prior ruling and deny the motion for leave to amend.

16

17
18
19
20
21

    C.     **WAKEFIELD HAS PRESENTED INCONSISTENT REQUESTS TO THIS COURT, AS HE SEEKS BOTH A FINAL JUDGMENT, AS WELL AS LEAVE TO FILE AN AMENDED COMPLAINT THAT WOULD SUPERSEDE THE ORIGINAL COMPLAINT**

22

23
24
25
26
27
28

     Wakefield's schizophrenic litigation tactics since the Ninth Circuit's mandate have left the procedural posture of this case in a state of confusion.  First Wakefield lodged a proposed judgment consistent with the Ninth Circuit's mandate, which would enter a final judgment in this action.  In fact, entering a final judgment, as Wakefield has requested, "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" *Riley v. Kennedy*, 553

7

1    US 406, 419 (2008). Then Wakefield requested that this court amend the

2    scheduling order to accommodate the Ninth Circuit's mandate of adjudicating the

3    2008 sculpture (which, by definition, means that the action is not yet final).  Now

4    Wakefield also seeks to file an amended complaint which would, by operation of

5    law, supersede the prior complaint.  *Valadez-Lopez v. Chertoff*, 656 F. 3d 851, 857

6    (9th Cir. 2011).  So does Wakefield want to end the litigation by having a final

7    judgment entered now, does he want the 2008 sculpture to be adjudicated first, or

8    does he want a new complaint to be filed to supersede the prior complaint?  The

9    authorities suggest that he cannot do all of these things at the same time.

10   **III.    CONCLUSION**

11          For the foregoing reasons, the Olen Defendants do not oppose the portion of

12   Wakefield's motion pertaining to the amendment of the scheduling order so long

13   as it is consistent with the Ninth Circuit's mandate.  The Olen Defendants oppose,

14   however, the portion of the motion seeking leave to file an amended complaint,

15   and request that Wakefield's motion as to that issue be denied.

16                                         Respectfully submitted,

17   Dated:  May 15, 2017               SCHIFFER & BUUS APC

18                                          */s/ Eric M. Schiffer*

19                                       By:  Eric M. Schiffer
                                         Attorneys for Defendants
20                                       IGOR OLENICOFF and
                                         OLEN PROPERTIES CORP.

21

22

23

24

25

26

27

28

DEFENDANTS' NON- OPPOSITION TO AMENDMENT TO SCHEDULING
ORDER AND OPPOSITION TO MOTION TO FILE AMENDED COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) years and am not a party to the within action.  My business address is that of 3070 Bristol Street, Suite 530, Costa Mesa, California 92626.

I hereby certify that on May 15, 2017, I electronically filed the foregoing **DEFENDANTS' NON-OPPOSITION TO MOTION TO AMEND SCHEDULING ORDER AND OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** with the Clerk of the Court using ECF which will send notification and a copy of such filing to the following persons:

| | |
|---|---|
| Michael D. Kuznetsky, Esq.<br>mike@kuzlaw.com<br>KUZNETSKY LAW GROUP, P.C.<br>6565 Sunset Blvd., Ste. 311<br>Hollywood, CA 90028<br>Tel.: (818) 753-2450<br>Fax: (818) 736-9099<br><br>Counsel for Plaintiff<br>DONALD WAKEFIELD | Gene J. Brockland, Esq.<br>gjb@herzogcrebs.com<br>HERZOG CREBS LLP<br>100 North Broadway, Suite 1400<br>St. Louis, MO 63102<br>Tel: (314) 231-6700<br>Fax: (314) 231-4656<br><br>Counsel for Plaintiff<br>DONALD WAKEFIELD |
| Julie A. Ault, Esq.<br>jault@olenproperties.com<br>Leslie Vandale, Esq.<br>lvandale@olenproperties.com<br>7 Corporate Plaza<br>Newport Beach, CA 92660<br>Tel.: (949)719-7212<br>Fax: (949)719-7210<br><br>Counsel for Defendants<br>IGOR OLENICOFF and OLEN<br>PROPERTIES CORP. | |

Executed on May 15, 2017, at Costa Mesa, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

*/s/ Eric M. Schiffer*

9

DEFENDANTS' NON- OPPOSITION TO AMENDMENT TO SCHEDULING
ORDER AND OPPOSITION TO MOTION TO FILE AMENDED COMPLAINT