UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 12-02077 AG (RNBx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF ET AL. | | |

Present: The Honorable   ANDREW J. GUILFORD

| Lisa Bredahl | Not Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:   Attorneys Present for Defendants:

**Proceedings:**   [IN CHAMBERS] ORDER REGARDING FURTHER PROCEEDINGS AFTER APPEAL

This case began back in November 2012, when Plaintiff Donald Wakefield sued Defendants Igor Olenicoff and Olen Properties Corp. for copyright infringement. *See* 17 U.S.C. § 501 *et seq.* A jury found that Olenicoff and Olen Properties had infringed on Wakefield's copyright by creating six knock-offs of a sculpture called *Untitled*, and then awarded the plaintiff $450,000 in actual damages. *See* 17 U.S.C. § 504(b). But this Court vacated the jury's award of damages and, instead, ordered the defendants to destroy all infringing copies of *Untitled*. The Court ultimately entered judgment for Wakefield, and the parties filed timely cross-appeals.

The Ninth Circuit affirmed in part, reversed in part, and remanded for further proceedings. *See Wakefield v. Olenicoff*, 2017 WL 875801, at *1 (9th Cir. Mar. 6, 2017). This Court intends to appropriately implement the Ninth Circuit's memorandum disposition and mandate. *See In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255–56 (1895); *Nguyen v. United States*, 792 F.2d 1500, 1502 (9th Cir. 1986) ("[A]lthough the mandate of an appellate court forecloses the lower court from reconsidering matters determined in the appellate court, it 'leaves to the district court any issue not expressly or impliedly disposed of on appeal.'").

Three of the Ninth Circuit's rulings are relevant going forward. First, the panel concluded that "[t]he jury's award of $450,000 in actual damages was sufficiently supported by evidence and was non-speculative." *Wakefield*, 2017 WL 875801, at *1 (internal quotation marks

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-02077 AG (RNBx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF ET AL. | | |

omitted). Second, the panel concluded that one of Wakefield's original claims wasn't barred by the statute of limitations because "[a] reasonable jury could find that Plaintiff had neither actual nor constructive knowledge . . . that the first sculpture was a copy of *Untitled*, rather than *Untitled* itself." *Id.* (internal citations omitted). Third, the panel concluded that injunctive relief "ordering the destruction of the six infringing sculptures" was appropriate. *Id.*

*Reinstating the verdict.*  First, the Ninth Circuit's mandate explicitly instructs this Court, in no uncertain terms, to "reinstate the jury's verdict." *Wakefield*, 2017 WL 875801, at *1. The propriety of this point requires little discussion, and the parties seem to agree. (*Compare* Mot. to Amend, Dkt. No. 155 at 7, *with* Opp'n, Dkt. No. 159 at 3.) The Court REINSTATES the jury's verdict of $450,000 in actual damages, and notes that the previous award of injunctive relief also remains intact. (Dkt. Nos. 101, 132.) Because these issues have been conclusively decided on appeal, the Court will enter a simple judgment. *See King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560, 1563 (Fed. Cir. 1987) (concluding that, after remand, a district court may "order execution on that portion of the judgment which was final, while reserving the [remaining] issue[s]").

*Conducting further proceedings.*  Next, the Ninth Circuit's mandate directs this Court to conduct "further proceedings" as to the "first infringing sculpture that Plaintiff found." *Wakefield*, 2017 WL 875801, at *1. Again, the necessity and propriety of any further proceedings concerning the "first infringing sculpture" is obvious considering the Ninth Circuit's ruling. And both sides appear to agree that the appropriate course of action is to amend the scheduling order. (*Compare* Mot. to Amend, Dkt. No. 155 at 8–9, *with* Opp'n, Dkt. No. 159 at 3.) But rather than issue an amended scheduling order in a vacuum, the Court ORDERS that this case be set for a scheduling conference under Federal Rule of Civil Procedure 16(b) on July 31, 2017 at 9:00 a.m.  The Court further ORDERS that, as provided in Federal Rule of Civil 26(f), the parties shall meet at least 21 days before the scheduling conference, and report on the meeting in writing to the Court within 14 days after the meeting. All of this Court's standard requirements regarding Rules 16 and 26 remain in effect. (Dkt. No. 8.)

*Amending the complaint.*  Finally, Wakefield moves to amend his original complaint, ostensibly under Federal Rule of Civil Procedure 16(b), to include new allegations concerning another copy of *Untitled* that was discovered after trial. (Mot. to Amend, Dkt. No. 155 at 9.) As

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-02077 AG (RNBx) | Date | June 5, 2017 |
|---|---|---|---|
| Title | DONALD WAKEFIELD v. IGOR OLENICOFF ET AL. | | |

Wakefield correctly points out, this Court previously stated that the defendants "should have disclosed this [additional] sculpture during discovery," and the plaintiff wasn't required to "scour" dozens of the defendants' properties to find any covert copies of *Untitled*. (Order, Dkt. No. 120 at 18.) The defendants, for their part, object to any "leave to file an amended complaint" because, among other things, it would somehow "run[] afoul" of the pre-trial conference order. (Opp'n, Dkt. No. 159 at 2.)

The Court finds that parties' debate lacks legal focus. True, unless the mandate explicitly states otherwise, "a district court upon remand can permit the plaintiff to 'file additional pleadings, vary or expand the issues." *Nguyen*, 792 F.2d at 1502 (quoting *Rogers v. Hill*, 289 U.S. 582, 587–88 (1933)). But "once judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996); *see also* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1489, p. 817 (3d ed. 2010) ("Rule 60(b) gives the court authority to set aside the judgment, [and] the question whether an amendment then should be allowed is governed by Rule 15(a)."). Wakefield hasn't discussed all of those standards, and at this point in the case (after both judgment and appeal) the Court is unwilling to consider a request to amend the complaint that is unmoored from the text of the federal rules. *See* Fed. R. Civ. P. 1 ("These rules . . . should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."); *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 465 (2000) ("The Federal Rules of Civil Procedure are designed to further the due process of law that the Constitution guarantees."). Because Wakefield hasn't made the appropriate showing here, the Court DENIES his motion to amend the complaint. (Dkt. No. 155.)

|  |  | : | 0 |
|---|---|---|---|
|  | Initials of Preparer | lmb | |